UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                                            CASE NO: 2:15-cr-124-FtM-38MRM

JERMAINE OTIS DAMPIER

**<u>ORDER</u>**[1]

This matter comes before the Court on the United States of America's (Government) Motion for Reconsideration (Doc. #123) filed on January 3, 2017. On December 22, 2016, this Court issued an Order directing the Government to answer the Defendant's question "Was Fort Myers Police Sergeant Jason Petaccio wearing a body camera while participating in the instant criminal investigation?" The Government now moves the Court to reconsider its Order.

As grounds for the reconsideration, the Government states that Sgt. Petaccio was wearing a body camera while participating in the instant criminal investigation on August 15, 2015, but argues that the Defendant should not be allowed to use an interrogatory, a civil discovery tool, in a criminal case. The Government is correct in its position that interrogatories are not discovery tools provided for under Fed. R. Crim. P. 16. *See* United States v. Conder, 423 F. 2d 904, 910 (6th Cir. 1970) *cert. denied* 91 S. Ct. 357 (holding

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

that Rule 16(b) is limited to the inspection and copying of tangible objects and does not allow interrogatories as a mode of discovery).

However, the Court did not direct the Government to produce the answer to Defendant's question to compel a reply to an interrogatory. Instead, the Court directed the Government to answer the question pursuant to *Kyles v. Whitley*, which held that evidence may be compelled if the evidence tends to prove slovenly police work. 514 U.S. 419, 446-47, 115 S. Ct. 1555, 131 L. Ed 2d 490 (1995). In its Order compelling the answer to the Defendant's question, the Court stated whether Sgt. Petaccio was wearing a body camera goes to whether or not the investigation performed at the alleged scene of the crime was performed in a conscientious manner or if it was substandard. Now that the Government has provided the answer to the Defendant's question in its reply, the Motion for Reconsideration is due to be granted and the Defendant's Motion to Compel is now moot.

Accordingly, it is now

**ORDERED:**

The United States of America's (Government) Motion for Reconsideration (Doc. 123) is **GRANTED**. The Defendant's Motion to Compel (Doc. #110) is hereby **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this January 4, 2017.

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record